**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **VANESSA ORTIZ-RIVERA, LIZMARIE SANTIAGO-RIVERA, INDIVIDUALLY AND ON BEHALF OF HER MINOR SON E.J.R.S., AND SULEIMA ORTIZ-RIOS** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **UNITED STATES OF AMERICA,** <br><br> **Defendant.** | **CIVIL NO. 15-1701 (GAG)** |

## **OPINION AND ORDER**

Vanessa Ortiz-Rivera, Lizmarie Santiago-Rivera, individually and on behalf of her minor son E.J.R.S., and Suleima Ortiz-Rios (collectively "Plaintiffs"), bring this action against the United States of America ("Defendant") arguing that E.J.R.S. was negligently shot and killed by U.S. Immigration and Customs Enforcement (ICE) agents, and alleging that Defendants are liable to Plaintiffs for their negligence in violation of Puerto Rico's Civil Code. P.R. LAWS ANN. tit. 31, §§ 5141-5142. (Docket No. 1 ¶ 11.) Plaintiffs support their claim positing that ICE agents acted negligently by making inappropriate use of their weapons which resulted in the alleged wrongful death of Elvin Osmel Rivera-Ortiz. (Docket No. 1¶ 9.) After denial of an administrative tort claim submitted to ICE and through the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671 *et sec.*,[1]

---

[1] FTCA states that:
> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

**Civil No. 15-1701 (GAG)**

Plaintiff seek relief asking the Court for compensatory damages in no less than a million dollars and attorneys' fees and costs. (Docket No. 1)

Defendant moves to dismiss this action, under FED. R. CIV. P. 12(b)(1), for lack of subject-matter jurisdiction given that Plaintiffs failed to comply with several FTCA requirements. (Docket No. 12) Plaintiffs have opposed the motion. (Docket No. 17) After reviewing the parties' submissions and the pertinent law, the court **GRANTS** Defendant's motion to dismiss. (Docket No. 12)

**I.     Standard of Review**

Pursuant to FED. R. CIV. P. 12(b)(1), a defendant may move to dismiss an action for lack of subject-matter jurisdiction. "This rule is a large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction. Some challenges—those grounded in considerations of ripeness, mootness, sovereign immunity, and the existence of federal question jurisdiction are good examples." Valentin v. Hospital Bella Vista, 254 F.3d 358, 362-363 (1st Cir. 2001). As courts of limited jurisdiction, the Federal Courts must construe their jurisdictional grants narrowly. Therefore, a party that seeks the jurisdiction of the Federal Courts carries the burden of demonstrating its existence. Viqueira v. First Bank 140 F.3d 12, 16 (1st Cir. 1998). When deciding whether to dismiss a complaint for lack of subject-matter jurisdiction, the Court "may consider whatever evidence has been submitted." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996); Torres v. Bella Vista Hosp., Inc. 523 F. Supp. 2d 123, 132 (D.P.R. 2007). Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. Negrón-Gaztambide v. Hernández-Torres, 35 F. 3d 25, 27 (1st Cir. 1994).

**Civil No. 15-1701 (GAG)**

## II.     Relevant Facts and Procedural Background

On July 27, 2012, Elvin Osmel Rivera-Ortiz died as a result of gunshot wounds, while driving a vehicle, sustained during a shootout with local and federal law enforcement officers as part of a criminal investigation involving drug operations.  (Docket No. 12 at 4.)  Plaintiffs contend that Elvin Osmel Rivera-Ortiz suffered a painful and agonizing death.  (Docket No. 1 ¶ 7.)  As result of these events, Defendants submit United States Postal Service (USPS) tracking records in support of its argument.[2]  (Docket No. 12-3.)  On July 24, 2011 Plaintiffs, Mrs. Ortiz-Rivera (mother), Mrs. Santiago-Rivera (wife), individually and on behalf of her minor son E.J.R.S., and Mrs. Ortiz-Rios (aunt), sent ICE a letter containing an administrative claim for Elvin Osmel Rivera-Ortiz's wrongful death.  Id.  The letter was accepted by USPS at 7:54 p.m.  Id.  The next activity shown in the USPS tracking records is dated as July 26, 2016, provided that July 25th is a local holiday observed by USPS.[3]  Id.  However, USPS was not able to deliver the letter on Monday, July 28, 2014 at 7:22 p.m. since there were no authorized recipients available at ICE's San Juan office.  Id.  Defendant highlights that the federal agency was closed at that time.  (Docket No. 21 at 3.)  The letter was then available for pick-up at the local post office on Tuesday, July 29, 2014 at 3:55 p.m., but was finally delivered to ICE on Friday, August 1, 2014 at 10:35 a.m. (Docket No. 12-3.)

---

[2]     As previously stated, a "court may consider *whatever* evidence has been submitted, such as the depositions and *exhibits* submitted in this case." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996) (emphasis added).

[3]     On July 25th, the local government celebrates the ratification of the Commonwealth of Puerto Rico's Constitution. See Consejo de Salud Playa Ponce v. Rullán, 593 F. Supp. 2d 386, 390 (D.P.R. 2009) ("In 1950 Congress approved Law 600, which afforded the island's voters a process for adoption of a local constitution. This ultimately led to the establishment of the Commonwealth of Puerto Rico, under a republican form of government.").

3

**Civil No. 15-1701 (GAG)**

A receipt of the claim was acknowledged by ICE in a letter sent, by regular mail and attached to an email, to the claimant's attorney on September 8, 2014. (Docket No. 12-4.) In this letter, ICE requested proof that claimants had been appointed administrators of Elvin Osmel Rivera-Ortiz's estate and additional documentations regarding Standard Form 95. Id. Defendant signals out that no response to that letter was ever received by ICE. (Docket No. 12 at 2-3.) On December 4, 2014 ICE denied the claim and concluded that the government is not liable for Elvin Osmel Rivera-Ortiz's death. (Docket No. 12-5.) On May 28, 2015 Plaintiffs filed the instant action. (Docket No. 1.)

### III. Discussion

The language of section 2401 unmistakably indicates that failure to file an administrative claim with the appropriate government agency within two years of a claim's accrual results in that claim being "forever barred." 28 U.S.C. § 2401(b). It is well-settled First Circuit precedent that the timely filing of an administrative claim is a jurisdictional pre-requisite to file suit under FTCA. See González v. United States, 284 F.3d 281, 287 (1st Cir. 2002). Furthermore, in administrative law, a claimant who has failed to receive a final decision from the pertinent administrative agency may not obtain judicial review. See Sims v. Apfel, 530 U.S. 103, 106-07 (2000). Plaintiffs allege that under FTCA, and in violation of Puerto Rico's Civil Code. P.R. LAWS ANN. tit. 31, § 5141-5142, the United States should be held responsible for the wrongful death of Elvin Osmel Rivera-Ortiz. (Docket No. 1 ¶ 11.) Essentially, Plaintiffs claim that on July 27, 2012 ICE agents, acting under the laws, regulations, customs of the U.S. Federal Government, negligently shot and killed Elvin Osmel Rivera-Ortiz. (Docket No. 1 ¶¶ 6; 8.) They also contend that superiors of the ICE agents involved failed to supervise their subordinates and thereby allowed them to make inappropriate use of their weapons. (Docket No. 1 ¶¶ 9-10.) Defendant, in turn, moves to dismiss

**Civil No. 15-1701 (GAG)**

Plaintiffs claim for failure to comply with the requirements of the FTCA. (Docket No. 12 at 1-2.) They put forward that Plaintiffs failed to file a timely administrative claims within two years of the date of the incident, did not provide a reason to toll the statute of limitations, and thus failed to exhaust administrative remedies as required by the FTCA. (Id. at 3-7.)

In their motion to dismiss, Defendant presented the USPS tracking record as proof of the untimely submission of the administrative claim. The certified mail was delivered on August 1, 2014 and the statute of limitations had expired on July 28, 2014.[4]  The FTCA strictly bars any tort claim filed against the United States unless it is presented "within *two years after such claim accrues*." 28 U.S.C. § 2401(b) (emphasis added), and a FTCA claim generally accrues at the time of injury. Donahue v. United States, 634 F.3d 615, 623 (1st Cir. 2011). This limitation provision seeks to ensure that "the government is promptly presented with a claim while the evidence is still fresh [and it] is to be strictly construed in the government's favor." Patterson v. United States, 451 F.3d 268, 270 (1st Cir. 2006) (citing United States v. Kubrick, 444 U.S. 111, 117–18 (1979)). Additionally, for purposes of the FTCA's statute of limitation, the critical date is when claims are *received* by an administrative agency, and not the date in which the claims are *mailed*. 28 C.F.R. § 14.2(a);  see also García v. United States, No. 09-1674 (SEC), 2010 WL 4452585, at *1 (D.P.R. Nov. 5, 2010). Although this filing is a non-waivable jurisdictional requirement, González, 284 F.3d at 288 (1st Cir. 2002), the statutory time limit is subject to equitable tolling. See Sánchez v. United States, 740 F.3d 47, 54 (1st Cir. 2014), cert. denied, 135 S. Ct. 54 (2014) (citing Ramírez–Carlo v. United States, 496 F.3d 41, 48-49 & n. 3 (1st Cir. 2007)).  However, equitable tolling is applied "only sparingly," Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990), and the

---

[4] The injury date was on Sunday July 27, 2012 hence the term was extended to the 28th.

**Civil No. 15-1701 (GAG)**

burden of persuasion falls on the party seeking its application. See I .V. Servs. of Am., Inc. v. Inn Dev. & Mgmt., Inc., 182 F.3d 51, 54 (1st Cir. 1999).

FTCA requirements are straightforward: (1) plaintiffs have two years from the time of accrual to file a claim with the appropriate agency, and then (2) if the claim is denied, six months after the denial, by certified or registered mail, to file suit. See Dominguez v. United States, 799 F.3d 151, 153 (1st Cir. 2015). Plaintiffs opposed the motion to dismiss on two grounds. First, they argue that the United States cannot contradict its own acts and suggest that if ICE deemed the claim to be timely, then it cannot be challenged at this stage of the proceedings. (Docket No. 17.) Otherwise, ICE would have not accepted the administrative claim. (Id.)

These propositions' deductive reasoning is completely flawed. ICE's administrative determination represents only one of several above-mentioned FTCA requirements that must be completed in order to file suit. All requirements must be met. 28 U.S.C. § 2401(b). Even if the ICE did not consider the timeliness of the claim, it can now be challenged for jurisdictional purposes because it is a pre-requisite for filling suit under FTCA. See González, 284 F.3d at 288 (1st Cir. 2002) (citing Coska v. United States, 114 F.3d 319, 323 n. 8 (1st Cir. 1997)). Plaintiff's final assertion, which states "[i]f the claim had been untimely, the agency would have not accepted it" (Docket No. 17), is then based on a false premise not logically related to the conclusion. Consequently, Plaintiffs have the burden to prove that the administrative claim was timely filed and failure to do so requires the dismissal of the complaint. See Ruiz-Duclos v. United States, No. 12-1321 (JAG), 2013 WL 1386297, at *2-3 (D.P.R. Mar. 28, 2013).

Plaintiffs' second argument attempts precisely to prove the timeliness of the claim's filing. They argue that the claim was properly mailed and delivered on time by July 28, 2014, in spite that it was not accepted until August, 1 2014. This argument likewise fails as mailing of the claim

alone "is insufficient to meet the requirement that the claim be timely presented." Sánchez v. United States, 134 F. Supp. 2d 211, 215 (D.P.R. 2001) (citing Drazan v. United States, 762 F.2d 56, 58 (7th Cir. 1985)). As discussed above, the letter of the law is clear: "a claim shall be deemed to have been presented when a Federal agency *receives* from the claimant . . . written notification of the incident." 28 C.F.R. § 14.2(a) (emphasis added).

The Court need not address Defendant's equitable tolling argument because the burden of persuasion falls on the party seeking its application. I.V. Servs. of Am., Inc., 182 F.3d at 54 (1st Cir. 1999). Plaintiffs did not provide any argument for tolling FTCA two-year statutory limit. In light of the aforementioned reasoning, the undersigned concludes that Plaintiffs' administrative claim was untimely. Consequently, Plaintiffs also failed to exhaust administrative remedies. Thus, the Court does not have jurisdiction over the tort claim against the United States. Richman v. United States, 709 F.2d 122, 124 (1st Cir. 1983).

**IV.    Conclusion**

The court **GRANTS** Defendant's motion to dismiss and **DISMISSES** Plaintiffs' claims.

**SO ORDERED.**

In San Juan, Puerto Rico this 26th day of August, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge